IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Freddie J. Wells, ) | |
| ) | C.A. No. 4:05-2645-HMH-TER |
| Petitioner, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Henry McMaster, Attorney General for ) | |
| South Carolina, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Freddie J. Wells ("Wells"), a state prisoner proceeding pro se, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Henry McMaster ("Respondent") filed a motion for summary judgment. Magistrate Judge Rogers recommends granting Repondent's motion for summary judgment on the basis that the petition is time-barred. For the reasons stated below, the court adopts the Magistrate Judge's Report and Recommendation and dismisses Wells' petition.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural Background

Wells is currently incarcerated at Lee Correctional Institution, a South Carolina Department of Corrections facility. On October 25, 2002, Wells entered a guilty plea before the Florence County Court of General Sessions on a charge of felony driving under the influence resulting in death. (Pet. 1.) He was sentenced to five years' imprisonment. (Id.)

Wells did not file a timely appeal to contest his conviction or sentence. (Id. 32.) Wells collaterally attacked his conviction and sentence by filing a motion for post-conviction relief ("PCR") on January 31, 2003, alleging ineffective assistance of counsel among other claims. On August 26, 2004, the Court of Common Pleas of Florence, South Carolina, held a hearing on Well's PCR application. At that hearing, Wells made a motion to voluntarily withdraw his PCR application which was granted, and the case was dismissed with prejudice. (Pet. 2); Wells v. State, 2003-CP-21-153 (S.C. Ct. Common Pleas Aug. 26, 2004). The court entered a formal order dismissing the case with prejudice on September 8, 2004.

Wells did not properly appeal the dismissal of his PCR application by filing a petition for certiorari to the South Carolina Supreme Court. S.C. R. App. P. 227(a) (2004). However, Wells states in his petition that he appealed the PCR court's ruling. (Pet. 2.) Wells attempted to file a habeas corpus action directly with the South Carolina Supreme Court on September 30, 2004 ("State Habeas Petition"), after the PCR court had granted Wells' motion to voluntarily withdraw his application but before entering a formal order to that effect. (Pet'r's Ans. Sp. Interrogs. 9 (State Habeas Petition 1).) Although the State Habeas Petition refers omits the PCR case number in the caption, lists only Wells' criminal case number, and does not state that Wells is attempting to appeal the dismissal of his PCR application, the court gives Wells every benefit

2

of the doubt and construes this document as an attempt by Wells to appeal the dismissal of his PCR application. The South Carolina Supreme Court treated the document as a letter, dismissing it on September 23, 2004, "because no extraordinary reason exists to entertain" it. (Id. 11 (September 23, 2004, Order 1).)[2]

On September 7, 2005, Wells filed the instant § 2254 petition.[3] Respondent filed a motion for summary judgment on February 14, 2005. Magistrate Judge Rogers recommends granting Respondent's motion for summary judgment.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against

---

[2] In his objections to the Magistrate Judge's Report and Recommendation, Wells suggests that the South Carolina Supreme Court did not dismiss the State Habeas Petition but transferred it to the South Carolina Court of Appeals, which dismissed it on November 8, 2004. (Objections 7). However, elsewhere in the record, Wells claims that he withdrew his case from the PCR court to the South Carolina Supreme Court "on a state writ of habeas corpus, filed August 30, 2004," and "[t]he writ was dismissed on September 23, 2004." (Pet'r's Ans. Sp. Interrogs. 23 (Brief to S.C. Ct. App. 8).) Wells also states that the State Habeas Petition was dismissed by the Supreme Court in the procedural history portion of the instant petition. (Pet. 2.) Regardless, a proper appeal of the dismissal of Wells' PCR application had to be ruled upon by the South Carolina Supreme Court, not the South Carolina Court of Appeals. S.C. R. App. P. 227(a) (2004). As such, any argument that Wells' State Habeas Petition continued the pendency of the PCR application ended with the Supreme Court's dismissal of the State Habeas Petition.

[3] See Houston v. Lack, 487 U.S. 266 (1988).

3

a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in her favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B.  Wells' Objections to the Report and Recommendation

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge found that Wells' petition was time-barred under the one year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under 28 U.S.C. § 2244(d)(1), Wells had one year after "the date on which the judgment

became final by the conclusion of direct review or the expiration of the time for seeking such review" to file his § 2254 petition. However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id. § 2244(d)(2). Wells' conviction and sentence became final ten days after he pled guilty, when he no longer could file a timely direct appeal, on November 4, 2002. (Report and Recommendation 11); see S.C. R. App. P. 203(b)(2) (2002) (setting the time limit to file a notice of appeal from a criminal conviction at ten days). Hence, Wells one-year period for filing a § 2254 petition began November 4, 2002.

The Magistrate Judge noted that the time for Wells to file his § 2254 petition was tolled from January 31, 2003, until September 8, 2004, while Wells' PCR application was pending.[4] Wells filed the instant petition on September 7, 2005. The Magistrate Judge found that Wells was "approximately 87 days" late. (Report and Recommendation 12.)

Wells filed objections to the Report and Recommendation. After review, however, the court finds that almost all of Wells' objections are unrelated to the dispositive portions of the Report and Recommendation and merely restate his grounds for relief. However, the court was able to glean two specific objections.

---

[4]The Magistrate Judge did not consider the State Habeas Petition in calculating how long Wells' PCR application was pending. (Report and Recommendation 12.) In fact, Wells argued in his briefs that the PCR application was resolved on September 8, 2004, and that his deadline for filing under the AEDPA was one year from that date. (Pet'r's Resp. Opp'n Summ. J. 10.) However, as noted above, the court construes the State Habeas Petition as an attempt by Wells to appeal the PCR court's ruling.

5

Wells first objects to the Magistrate Judge's determination that his § 2254 petition is untimely under the AEDPA. As the court has previously noted, even giving Wells every benefit of the doubt and construing his State Habeas Petition as an appeal of the dismissal of his PCR application, Wells application still would be untimely. As Wells failed to file a timely direct appeal, Wells exhausted either 87 days from November 4, 2002, until January 31, 2003, when he filed his PCR application, not including the day he filed the PCR application. Accordingly, Wells had 278 days from September 23, 2004, to file his § 2254 petition, a deadline that ended June 27, 2005. Wells filed the instant application on September 7, 2005, over two months after the deadline. As such, the court concludes that Wells first objection is without merit.

Second, construing Wells objections liberally, Wells argues that the court should equitably toll the limitations period to allow him to proceed. The AEDPA's statute of limitations is equitably tolled only "for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Wells must show that there existed "some other extraordinary circumstance beyond his control that prevented him from complying with the statutory time limit." Id. Wells has shown no "extraordinary circumstance beyond his control" that warrants equitably tolling the statute of limitations. Moreover, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999). Therefore, Wells objection that the court should

6

equitably toll the statute of limitations to permit him to proceed is without merit, and, after careful consideration, the court adopts the Magistrate Judge's Report and Recommendation.

**ORDERED** that Respondent's motion for summary judgment, docket number 13, is granted, and Wells' § 2254 petition is dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
April 13, 2006

### NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified of his right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.